(942 P.2d 45)

No. 75,707

INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, LOCAL NO. 64, *et al. Appellees,* v. CITY OF KANSAS CITY, KANSAS, *Appellant,* and KANSAS PUBLIC EMPLOYEES RETIREMENT SYSTEM, *Defendant.*

Opinion filed July 11, 1997.

*Daniel B. Denk* and *Carl A. Gallagher,* of McAnany, Van Cleave & Phillips, P.A., of Kansas City, for appellant.

*George E. Mallon,* of George E. Mallon, P.A., of Kansas City, for appellees.

Before ELLIOTT, P.J., GREEN, J., and JOHN E. SANDERS, District Judge, assigned.

ELLIOTT, J.: The International Association of Firefighters, Local No. 64, and retired firefighters James Long and Ronald Cooper sought damages and declarative and injunctive relief based on the improper calculation of retirement benefits under a local pension plan administered by the Kansas Public Employees Retirement System (KPERS). The trial court ruled the City of Kansas City,

Kansas, (City) must recalculate retirement benefits by including lump sum payments for accumulated sick leave, vacation time, and compensatory time averaged over 36 months. At the same time, the trial court allowed 79 additional named plaintiffs and 50 un-named plaintiffs to intervene in the judgment.

The City appeals, and we affirm in part, reverse in part, and remand.

Long and Cooper were employed by the City as firefighters until their retirements in 1992 and 1993. Plaintiffs were "special mem-bers" of the Kansas Police & Firemen's Retirement System (KP&F) and contributed 3 percent of their compensation to the retirement plan. Regular members of KP&F, on the other hand, contribute 7 percent of their compensation to the retirement plan. For a history of KP&F and the retirement system in general, see *Galindo v. City of Coffeyville*, 256 Kan. 455, 456-59, 885 P.2d 1246 (1994).

K.S.A. 13-14a08 provides that the City's local plan must pay a retiree monthly benefits of 50% of the retiree's "monthly salary at the date of retirement." Monthly salary at the date of retirement is not defined.

While KPERS administers the City's retirement plan, it remains the City's responsibility to withhold contributions, send those con-tributions to KPERS, and advise KPERS of the employee's monthly salary at time of retirement. When plaintiffs retired, each received a lump sum payment for unused vacation and sick leave. The City deducted a 3 percent contribution to KP&F from the lump sum payments, but did not include the lump sum payments as part of plaintiffs' monthly salaries certified to KPERS. As part of their lawsuit, plaintiffs requested class certification for all special members of KP&F, whether active employees or retirees.

The trial court ruled the lump sum payments must be included in plaintiffs' final income for purposes of calculating retirement benefits.

The trial court then ordered the parties to agree on an equitable method of adding the lump sum payments to plaintiffs' final in-come, dismissed KPERS from the suit, and found that "no class

certification is necessary as all retirees [sic] benefits are to be re-calculated."

The City attempted to appeal, but we dismissed that attempt as interlocutory. The parties could not agree on a method of adding the lump sum payments to final income. The trial court adopted plaintiffs' proposed formula which averaged the lump sum payments over the 36 months preceding retirement. In granting intervention, the trial court found that no prejudice would result to the City because any potential statute of limitations problems would be easily discoverable once the additional plaintiffs were identified.

The City argues the trial court erred in ordering it to recalculate retirement benefits by including the lump sum payments averaged over 36 months because neither K.S.A. 13-14a08 nor the City's local plan requires the lump sum payments to be included in final income. Interpretation of a statute is a question of law subject to plenary review. *Galindo*, 256 Kan. at 463.

The only Kansas case touching on this issue is *Galindo*, and while not directly on point, that case does provide background and some guidance as to the appropriate remedy. There, as here, a firefighter (Galindo) was a special member of KP&F. There, as here, Galindo received a lump sum at retirement for unused sick leave and vacation time. There, as here, the City of Coffeyville withheld 3 percent of the lump sum but did not include the lump sum payment in its certification of Galindo's final monthly salary to KPERS.

But in *Galindo*, Coffeyville recognized the inequity of withholding 3 percent without including those payments in calculating the retiree's final monthly salary. Eventually, Coffeyville unilaterally revised the formula to average the lump sum payment over the preceding 36 months to arrive at the final monthly salary.

When Galindo sued, the trial court found the lump sum payments were not salary under K.S.A. 13-14a08, but also found Coffeyville's actions did not amount to a material breach of contract since those actions resulted in a higher retirement benefit than Galindo should have received. The Supreme Court affirmed, but on a different rationale.

The Supreme Court construed "salary" as used in K.S.A. 13-14a08 to mean "a periodic payment dependent upon time." 256 Kan. at 465. Unfortunately for us, the Supreme Court did not explain whether lump sum payments for unused sick leave, etc., fall within that definition. Rather, the court focused on whether Coffeyville's unilateral modification of the formula was reasonable and whether it resulted in a disadvantage to Galindo.

The Supreme Court noted Coffeyville's new formula was an attempt to correct the inequity there involved and found the new formula to be "a reasonable change to accommodate changing conditions while maintaining the integrity of the system." 256 Kan. at 468.

In summary, *Galindo* recognized that it is inherently unfair to deduct 3 percent for KP&F as a lump sum payment which is not also a part of the formula for calculating final salary for retirement benefits. On the other hand, *Galindo* did not squarely address whether K.S.A. 13-14a08 requires the inclusion of those lump sum payments in a retiree's final monthly salary.

In the present case, the City has done nothing to remedy the *Galindo* inequity, so the trial court fashioned its own remedy. It ordered the City to include the lump sum payments in final income by averaging that sum over 36 months. Was this an appropriate remedy? To answer that question we must resolve the issue left unresolved by *Galindo*: Does the term "salary" in K.S.A. 13-14a08 include lump sum payments for unused vacation, sick leave, and compensatory time? We answer the question in the negative.

The *Galindo* court said only that "salary" means a periodic payment dependent upon time. 256 Kan. at 465. "Periodic" is defined as "occurring at regular intervals" or "occurring repeatedly from time to time." Webster's Third New International Dictionary 1680 (1961). By definition, then, a lump sum payment which occurs once upon retirement cannot be a periodic payment. The trial court in *Galindo* agreed, ruling that lump sum payments should not be designated as wages because they would artificially inflate an employee's final monthly salary and, thus, discriminate. See 256 Kan. at 462.

The trial court erred in ruling that the lump sum payments must be included in final income under K.S.A. 13-14a08. That leaves us with the question of how to best remedy the inequity of the City's deducting a 3 percent contribution from the lump sum payments. Fortunately, *Galindo* seems to provide the answer. Justice Lockett, speaking for the *Galindo* court, said: "The City could have refunded the three percent it deducted from the . . . lump sum paid at retirement, . . . plus interest." 256 Kan. at 468.

We hold that is the appropriate remedy for the inequity involved in the present case.

The City also argues the trial court abused its discretion in allowing additional plaintiffs to intervene. Whether to grant a motion to intervene rests in the trial court's discretion. *McDaniel v. Jones*, 235 Kan. 93, 107, 679 P.2d 682 (1984).

Here, the trial court found that plaintiffs' motion, although filed 3 years after the suit was filed, was not untimely because the City knew from the outset that plaintiffs were seeking class certification and the trial court's earlier judgment stated that similarly situated parties were to be provided relief.

*McDaniel* supports the trial court's decision in the present case. See 235 Kan. at 109. The City does not deny that the additional plaintiffs' claims and the present case have a common legal issue, and the trial court adequately addressed the City's concerns by ruling that potential statute of limitations defenses would be easily discoverable once the additional plaintiffs were identified.

Under the facts of this case, the trial court did not abuse its discretion in allowing permissive intervention under K.S.A. 60-224(b).

We affirm the trial court's order allowing permissive intervention subject to statute of limitations defenses. We reverse the trial court's order requiring the lump sum payments to be included in calculating final monthly salary and remand with directions to enter a judgment requiring the City to refund to plaintiffs the 3 percent it deducted from the lump sum payments, plus interest.